UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RAMON A. MEJIA,

               Plaintiff,

-against-

UNITED STATES DEPARTMENT OF
AGRICULTURE - FOOD AND NUTRITION SERVICE
ADMINISTRATIVE REVIEW OFFICE,

               Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/26/2022__

21 Civ. 9054 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

      On November 3, 2021, Plaintiff *pro* se, Ramon A. Mejia, commenced this action against Defendant United States Department of Agriculture, Food and Nutrition Service Administrative Review Office, seeking review of Defendant's decision to disqualify 186 Grocery Corporation ("186 Grocery") as an authorized retailer in the Supplemental Nutrition Assistance Program for six months pursuant to 7 U.S.C. § 2023(a)(13). Compl., ECF No. 1. Plaintiff is the owner of 186 Grocery. *See id.* at 5, 8. On November 9, 2021, the Court ordered Plaintiff to retain counsel for 186 Grocery and substitute 186 Grocery as party plaintiff by December 8, 2021. ECF No. 4. The Court subsequently extended this deadline to December 22, 2022, after Defendant represented that Plaintiff had "spoken with an attorney representing 186 Grocery [] in this matter" who required additional time to "complet[e] paperwork to secure [this] representation." ECF No. 7. But, counsel for 186 Grocery never appeared, and Plaintiff failed to substitute 186 Grocery as the named plaintiff in this matter.

      Accordingly, on December 28, 2021, the Court issued an order directing Plaintiff to show cause by January 7, 2022, why this action should not be dismissed for failure to prosecute, noting Plaintiff's ongoing lack of compliance with court orders. ECF No. 8. The Court extended this deadline twice. *See* ECF Nos. 10, 11. Plaintiff has taken no action in this matter, except one

conversation with Defendant, since filing it over five months ago.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). This obligation applies equally to plaintiffs proceeding on a *pro se* basis. *See, e.g.*, *Smith v. Griffen*, No. 15 Civ. 622, 2017 WL 4466453, at *2–3 (S.D.N.Y. Aug. 31, 2017) ("[C]ourts in in this district routinely dismiss *pro se* . . . actions for failure to prosecute where, as here, [the plaintiff] fails to participate in the action or meet his obligation to provide the Court and [the defendants] with updated contact information[.]"), *report and recommendation adopted*, No. 15 Civ. 622, 2017 WL 4477062 (S.D.N.Y. Oct. 5, 2017).

> Before dismissing a case under Rule 41(b), the district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in deciding whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct*

=

*Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all five factors weigh in favor of dismissal. First, Plaintiff has failed to prosecute this action, as evinced by his protracted failure to respond to comply with court orders. *See supra* at 1–2. Plaintiff has further failed to communicate with the Court for over five months. *Id*. The length of this delay is significant enough to weigh in favor of dismissal. *See Peters-Turnbull v. Bd. of Educ.*, No. 96 Civ. 4914, 1999 WL 959375, at *2–3 (S.D.N.Y. Oct. 20, 1999) (noting that delay of five to ten months falls "comfortably within the time frames found sufficient" for dismissal). Second, the Court expressly warned Plaintiff that failure to comply with its orders would result in dismissal for failure to prosecute. ECF No. 8. Third, because Plaintiff has not communicated with the Court for over six months and has not provided good cause for his absence, the Court may presume prejudice to Defendant resulting from the "unreasonable delay" in prosecution of this matter. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *Wan v. United States Postal Service*, No. 17 Civ. 1560, 2018 WL 1785485, at *4 (E.D.N.Y. Apr. 13, 2018). Fourth, as to docket management, "it is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that Petitioner will reappear in the future." *Ikpemgbe v. City of New York*, No. 18 Civ. 1027, 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021).[1] Finally, dismissal is appropriate where the Court "ha[s] no reason to believe that lesser sanctions would be effective." *Watkins v. Matarazzo,* No. 13 Civ. 2477, 2015 WL 13745762, at *9–10 (S.D.N.Y. Sept. 22, 2015) (citation omitted) (alteration in original). Here, given that Plaintiff has failed to communicate with this Court for over five months despite repeated warnings of the consequences, there is no reason to

---

[1] The Court also notes that the six-month disqualification likely expired on April 4, 2022, *see* Compl. at 8, lessening the likelihood Plaintiff will engage in this litigation as the remedy he sought is likely moot.

3

find that a lesser sanction would spur Plaintiff to prosecute the case.

Accordingly, Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute. The Clerk of Court is directed to terminate all pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: May 26, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge